UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| In Re: | ) ) ) | |
| AREDIA® AND ZOMETA® PRODUCTS LIABILITY LITIGATION | ) ) ) | |
| (MDL No. 1760) | ) ) ) | No. 3:06-md-1760 Judge Campbell/Brown |
| This Document Relates to: 3:06-cv-00771 (Thorn) 3:08-cv-00907 (Wood) 3:08-cv-00916 (Arbuckle) 3:08-cv-00928 (Casali) | ) ) ) ) ) ) | |

**O R D E R**

Currently pending before the Magistrate Judge is Plaintiffs' Motion for Leave to File Amended Complaints. (Docket Entry 3549). Defendant NPC has filed a timely Response (Docket Entry 3663). For the reasons set forth below, Plaintiff's Motion is **DENIED**.

The Magistrate Judge erred in issuing an Order granting Plaintiffs' Motion on September 17, 2010, as unopposed. (Docket Entry 3664). He misread the response due date. NPC did, in fact, file a timely Response on September 16, 2010, before the Order was docketed. (Docket Entry 3663). This order therefore **STRIKES** the previous Order (Docket Entry 3664), as well as the four Amended Complaints subsequently filed by Plaintiffs. (Docket Entries 3671, 3672, 3673, 3674).

Fed. R. Civ. Pro. 15(a)(2) allows a party to amend its pleading only with the opposing

1

party's consent or by the court's leave. The court's leave should be freely given "when justice so requires." *Id.* Leave to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). "Delay by itself is not sufficient reason to deny a motion to amend." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001). However, "[w]hen amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Id.* at 459.

Here, Plaintiffs seek to amend their complaints to add loss of consortium claims on behalf of their spouses.[1] These Plaintiffs were originally represented by John Threadgill, who has been suspended from the practice of law in Tennessee since filing the lawsuits. Terence Sweeney took over the representation of the Plaintiffs in approximately October 2009. Plaintiffs filed their complaints on December 10, 2004 (Thorn), September 15, 2005 (Wood and Casali), and September 28, 2005 (Arbuckle). Plaintiffs Wood, Casali, and Arbuckle each filed motions to file a Third Amended Complaint alleging loss of consortium on April 21, 2006, but the motions were withdrawn pursuant to a consent motion, which was granted without prejudice to refile. (Docket Entry 3549-14, 3549-15).

NP argues that Plaintiffs' proposed amendments would be futile, as the loss of consortium claims are barred by the applicable statutes of limitations.[2] NPC relies in large part

---

[1] Plaintiffs Wood and Casali are surviving spouses of the original Plaintiffs and have been substituted as parties.

[2] NPC also argues that Plaintiffs failed to make the "good cause" showing required by Fed. R. Civ. P. 16(b)(4), as their amended pleadings would require a modification of the scheduling order. Because the proposed amendments would be futile, the Magistrate Judge has not addressed this argument.

2

on an Order issued by Chief Judge Campbell in the White case, which upheld the Magistrate Judge's denial of Plaintiff's motion to amend to allege loss of consortium claims. (Docket Entry 2906). The Magistrate Judge agrees with NPC that these proposed amendments are nearly identical to the facts at issue in White and, therefore, the motion should be denied. Because the court need not permit amendment when the proposed amended complaint would not survive a motion to dismiss, the Magistrate Judge must therefore ascertain whether Plaintiffs' additional claims are futile and would not survive a motion pursuant to Fed. R. Civ. P. 12(b)(6). *See, e.g., Thiokol Corp. v. Dept. of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993). An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). In other words, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

     NPC concedes, for purposes of this motion, that the applicable statutes of limitation for Plaintiffs' loss of consortium claims are Tennessee (Thorn), New York (Casali), Arkansas (Wood), and Kansas (Arbuckle). Tennessee's statute of limitations for loss of consortium claims is one year, which accrues on the date of injury. Tenn. Code Ann. § 28-3-104. New York's statute of limitations for loss of consortium claims is three years. N.Y. C.P.L.R. § 214. Similarly, an action for loss of consortium under Arkansas law must also be brought within three

3

years.  Ark. Code Ann. § 16-116-103.  Kansas law provides for a two year statute of limitations for loss of consortium claims.  Kan. Stat. Ann. § 60-513.  Because loss of consortium claims are derivative claims, the statute of limitations begins to run on the date of the underlying injury. *See Manning v. Altec*, 488 F.2d 127, 130 (6th Cir. 1973); *Evans v. Visual Tech., Inc.*, 953 F. Supp. 453, 460 (N.D.N.Y. 1997); *Martin v. Arthur*, 3 S.W.3d 684, 159-60 (Ark. 1999); *Natalini v. Little*, 278 Kan. 140, 140 (Kan. 2004).  Because the latest date the action could have accrued was on the date Plaintiffs filed their original Complaints, the statute of limitations expired at the latest on December 10, 2005 for Thorn, September 28, 2007 for Arbuckle, and September 15, 2008 for Casali and Wood.

Plaintiffs seek to avoid the statute of limitations bar on their claims by arguing the loss of consortium claims relate back to the dates of their original complaints because the new claims arise out of the same conduct, transaction, or occurrence.  *See* Fed. R. Civ. P. 15(c)(2).  Plaintiffs Arbuckle, Casali, and Wood also apparently contend that NPC had notice of their claims because they filed and withdrew a motion to amend in 2006.  However, as noted in the White case, a loss of consortium claim "is not simply a derivative claim which automatically follows from Plaintiff's original Complaint such that it should have been understood or assumed."  Docket Entry 2906, p. 3.  The claim would not only add a new claim, but also a new party to each case, as the spouse must be named in his or her individual capacity.  The Magistrate Judge believes these claims do not relate back to the dates of the original Complaints and must therefore be barred as futile.

For the foregoing reasons, Plaintiff's Motion is **DENIED**.  The **Clerk** is directed to **STRIKE** the Magistrate Judge's previous Order on this matter (Docket Entry 3664), as well as

4

the Amended Complaints filed in response to that Order. (Docket Entries 3671, 3672, 3673, 3674).

It is so ORDERED.

Entered this  21st  day of September, 2010

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge